# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN CRAIG WILLIAMS, : | |
|     Petitioner, : | |
| : | |
| v. : | No. 17-1025 |
| : | |
| DAVID GARMAN, et al., : | |
|     Respondents. : | |

## O R D E R

On February 17, 2017, state prisoner Alan Craig Williams, proceeding *pro se*, petitioned for federal habeas relief. (Pet., Doc. No. 1); 28 U.S.C. § 2254. I referred the matter to Magistrate Judge Timothy R. Rice, who, on April 11, 2017, recommended denying relief because Williams's Petition is untimely. (Doc. No. 2; R&R, Doc. No. 3.) Williams has submitted objections. (Objs., Doc. No. 5.) I will overrule Williams's objections, adopt Judge Rice's Report and Recommendation, and deny the Petition with prejudice as untimely.

### I. BACKGROUND

On July 12, 2010, a Bucks County jury convicted Williams of: rape by forcible compulsion; rape by threat of forcible compulsion; attempted involuntary deviate sexual intercourse by forcible compulsion; sexual assault; indecent assault by threat of forcible compulsion; terroristic threats with intent to terrorize another; and false imprisonment. (See Pet. ¶¶ 2(a), 5, 6(c); R&R at 1); Commonwealth v. Williams, CP-09-CR-0000499-2010, Dkt. at 7-9, 15 (Bucks Cty. C.P.). On March 2, 2011, the Honorable Jeffrey L. Finley sentenced Williams to an aggregate term of 16 to 40 years' imprisonment, to be followed by five years' probation. (See Pet. ¶¶ 2(b), 3; R&R at 1); Williams, CP-09-CR-0000499-2010, Dkt. at 7-9, 17.

On December 9, 2011, the Superior Court rejected Williams's direct appeal in an unpublished table decision. (See Pet. ¶¶ 8, 9; R&R at 1); Commonwealth v. Williams, 40 A.3d

188 (Table), 935 EDA 2011 (Pa. Super. Dec. 9, 2011). Because Williams did not seek allocatur, his judgment became final on January 9, 2012. (See R&R at 3); 42 Pa. C.S. §§ 5571(a), 9545(b)(3); Pa. R.A.P. 1112-1113.

On January 7, 2013, Williams timely sought relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-9546. (See Pet. ¶¶ 10, 11(a); R&R at 1); 42 Pa. C.S. § 9545(b)(1) (PCRA petition "shall be filed within one year of the date the judgment becomes final"). On May 28, 2014, after an evidentiary hearing, the PCRA court denied relief. (See Pet. ¶ 11(a); R&R at 1); Commonwealth v. Williams, 125 A.3d 454 (Table), 1841 EDA 2014, at 2 (Pa. Super. July 20, 2015). On July 20, 2015, the Superior Court rejected Williams's appeal. (See Pet. ¶ 11(b); R&R at 1-2); Williams, 125 A.3d 454 (Table), 1841 EDA 2014, at 3. On February 25, 2016, the Pennsylvania Supreme Court denied allocatur. (See Pet. ¶ 11(c); R&R at 2); Commonwealth v. Williams, 132 A.3d 458 (Table), 692 MAL 2015 (Pa. Feb. 25, 2016).

On February 17, 2017, Williams filed the instant § 2254 Petition. (Pet., Doc. No. 1; see id. at 19 (Williams's declaration that he placed instant Petition in prison mail system on February 17, 2017)); Walker v. Williams, 653 F. App'x 84, 85 n.2 (3d Cir. 2016) (per curiam) ("Prisoners are entitled to the benefit of the 'Prison Mailbox Rule,' which deems a pleading filed upon delivery to prison officials." (citing Houston v. Lack, 487 U.S. 266, 275 (1988))). On April 4, 2017, I referred the matter to Judge Rice for a Report and Recommendation. (Doc. No. 2.) On April 11, 2017, Judge Rice recommended that I deny the Petition with prejudice as untimely. (R&R, Doc. No. 3.) Williams has submitted objections dated April 27, 2017. (Objs., Doc. No. 5.)

## II.   LEGAL STANDARDS

In reviewing a Report and Recommendation, I am obliged to "make a de novo determination of those portions of the report or specified proposed findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (district court's responsibility "to afford some level of review" when no objections have been made).

### III. DISCUSSION

Before addressing Williams's objections, I will explain why Judge Rice correctly concluded that the Petition is untimely.

#### A. Williams's § 2254 Petition Is Untimely

The Antiterrorism and Effective Death Penalty Act provides that federal habeas review of a state-court conviction is subject to a one-year limitations period, which generally runs from "the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Evans v. Chavis, 546 U.S. 189, 191 (2006) ("The Antiterrorism and Effective Death Penalty Act of 1996 . . . requires a state prisoner whose conviction has become final to seek federal habeas corpus relief within one year."). A petitioner may also establish one of the following alternative start dates for the limitations period:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of reasonable diligence.

Id. § 2244(d)(1)(B)-(D).

3

The one-year limitations period is statutorily tolled for the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). The limitations clock also may be equitably tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). Although "[t]here are no bright lines in determining whether equitable tolling is warranted," courts must be "sparing in their use" of this mechanism. Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012).

I may also consider an untimely habeas petition under the extremely narrow fundamental miscarriage of justice exception, which "is only available when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Coleman v. Greene, 845 F.3d 73, 76 (3d Cir. 2017) (quoting McQuiggin v. Perkins, 133 S. Ct. 1924, 1936 (2013)); see McQuiggin, 133 S. Ct. at 1933 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows "it is more likely than not that no reasonable juror would have convicted [the petitioner]." (alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995))).

I need not address the merits of constitutional claims raised in an untimely habeas petition. See Sistrunk, 674 F.3d at 187.

As I have explained, Williams's conviction became final on January 9, 2012. (See Pet. ¶¶ 8, 9; R&R at 1); Commonwealth v. Williams, 40 A.3d 188 (Table), 935 EDA 2011 (Pa. Super. Dec. 9, 2011); 42 Pa. C.S. §§ 5571(a), 9545(b)(3); Pa. R.A.P. 1112-1113. Because Williams does not assert that any of the alternative start dates apply, the one-year limitations

period began to run on this date.  (See R&R at 3.)  Williams did not file his PCRA petition until January 7, 2013—i.e., 364 days after his conviction became final—and the AEDPA one-year limitations clock was tolled on this date.  (See Pet. ¶¶ 10, 11(a); R&R at 1); Commonwealth v. Williams, 125 A.3d 454 (Table), 1841 EDA 2014, at 2 (Pa. Super. July 20, 2015).  After the PCRA court and Superior Court denied relief, the Pennsylvania Supreme Court denied review on February 25, 2016.  (See Pet. ¶ 11(c); R&R at 2); Commonwealth v. Williams, 132 A.3d 458 (Table), 692 MAL 2015 (Pa. Feb. 25, 2016).  On that day, the limitations clock began running again, leaving Williams with one day to file the instant Petition.  Accordingly, Williams had until February 26, 2016—i.e., one day from February 25, 2016—to seek federal habeas relief.  See 28 U.S.C. § 2244(d)(2).  Because Williams did not file the instant Petition until February 17, 2017, almost a year after the limitations period expired, his Petition is plainly time-barred.  See id. § 2244(d)(1).

Finally, I agree with Judge Rice that there is nothing in the record suggesting that Williams is entitled to equitable tolling of AEDPA's limitations clock, or that the fundamental miscarriage of justice exception should apply.  (See R&R at 4); Holland, 560 U.S. at 649; McQuiggin, 133 S. Ct. at 1933.  To the contrary, Williams has shown neither diligence nor any extraordinary circumstances that prevented him from filing a timely petition.  See Holland, 560 U.S. at 649; LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (discussing equitable tolling in § 2254 context).  Nor has Williams provided any new evidence showing actual innocence.  See McQuiggin, 133 S. Ct. at 1933; Coleman, 845 F.3d at 76.

In these circumstances, Judge Rice correctly concluded that Williams's Petition is time-barred.

### B. Williams's Objections Are Meritless

Williams first objects to Judge Rice's conclusion that the Petition is time-barred, arguing that "[§] 2244(d)(2)[']s provision for tolling the limitations period while state postconvictions [sic] or other collateral proceedings are pending applies to and extends the one-year grace period." (Objs. at 1.) Williams appears to be invoking the one-year grace period that the Circuit Courts established for habeas petitions challenging pre-AEDPA convictions. (Id. (citing Artuz v. Bennett, 531 U.S. 4, 6 (2000) (discussing "1–year grace period (commencing on AEDPA's effective date of April 24, 1996), which the Second Circuit . . . allowed for the filing of habeas corpus applications challenging pre-AEDPA convictions.")); see also, e.g., Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) ("Accordingly, we hold that habeas petitions filed on or before April 23, 1997, may not be dismissed for failure to comply with § 2244(d)(1)'s time limit."). Because this grace period expired over twenty years ago, however, it is not available to Williams here. Accordingly, I will overrule this objection.

Williams next objects that the Report and Recommendation "stated that [his] petition was filed on March 2, 2017, where as [sic] it was actually filed on 2-13-17." (Objs. at 1.) I agree with Williams that his Petition is deemed filed on the date he delivered it to prison authorities, which, as I have discussed, was February 17, 2017. (See Pet. at 19 (Williams's declaration that he placed instant Petition in prison mail system on February 17, 2017)); Walker, 653 F. App'x at 85 n.2 (prison mailbox rule). I will nonetheless overrule this objection because the inaccuracy is immaterial to Judge Rice's conclusion that Williams's Petition is untimely. Because Williams was required to file the instant Petition no later than February 26, 2016, it was untimely when he filed it on February 17, 2017.

## IV. CONCLUSION

In sum, Williams's § 2254 Petition is untimely, he cannot overcome the time-bar through equitable tolling or the fundamental miscarriage of justice exception, and his "objections" to the Report and Recommendation are meritless. Accordingly, I will deny the Petition with prejudice.

\* \* \*

**AND NOW**, this 26th day of June, 2017, upon consideration of Petitioner Alan Craig Williams's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1), Judge Rice's April 11, 2017 Report and Recommendation (Doc. No. 3), Williams's Objections to the Report and Recommendation (Doc. No. 5), and all related submissions, it is hereby **ORDERED** as follows:

1. Magistrate Judge Timothy R. Rice's April 11, 2017 Report and Recommendation (Doc. No. 3) is **APPROVED** and **ADOPTED**;

2. Williams's Petition of a Writ of Habeas Corpus under § 2254 (Doc. No. 1) is **DENIED with prejudice**; and

3. A Certificate of Appealability shall **NOT ISSUE**. See 28 U.S.C. § 2253(c)(1)(A); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** that the **CLERK OF COURT** shall **CLOSE** this case.

**AND IT IS SO ORDERED**.

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.